*1171 CANTIL-SAKAUYE, C. J.,
Concurring and Dissenting. — I concur in parts I and II of today’s opinion, but I respectfully dissent from the remainder of the opinion concerning the applicability of harmless error review for the same reasons explained in my opinion in the companion case of People v. Blackburn (2015) 61 Cal.4th 1113 [191 Cal.Rptr.3d 458, 354 P.3d 268] (Blackburn). We are bound by, and must follow, the harmless error approach set forth in article VI, section 13 of the California Constitution. Tran’s right to a jury trial concerning the extension of his involuntary commitment after pleading not guilty by reason of insanity (NGI) is based on a state statute, not on any independent state or federal constitutional ground, and the errors at issue here- — -the trial court’s failure to advise him of his statutory right to a jury trial and obtain a personal waiver of that right — are not the type of fundamental structural defects that invariably constitute a “miscarriage of justice” under article VI, section 13 of the California Constitution, and are capable of being reviewed to determine whether the errors actually affected the outcome of the proceeding. Accordingly, as in Blackburn, I conclude that application of an automatic reversal rule is unwarranted.
Moreover, under the governing harmless error standard set forth in People v. Watson (1956) 46 Cal.2d 818, 836 [299 P.2d 243], it is not reasonably probable that if the trial court had personally advised Tran of the right to a jury trial and asked if he wanted a jury trial, Tran would have requested one over his counsel’s advice. First, as in Blackburn, Tran was represented by counsel who concluded that it was in Tran’s best interest to be tried by the court, not a jury. Second, the record here demonstrates that, in light of his past experience, Tran was well aware of his right to a jury trial and consequently that his failure to object to his counsel’s request for a court trial realistically reflected a knowing waiver of the right to have the proceeding decided by a jury. There is simply no reasonable basis for finding the court’s failure to personally advise Tran of his right to a jury trial and to elicit an on-the-record waiver of that right affected the outcome in this case. The circumstances of this matter only further emphasize how the statutory advisement and waiver errors at issue here are fully amenable to harmless error review on a case-by-case basis. Therefore, in my view, the majority’s remand of this matter to the lower courts is both unnecessary and unwarranted.
I. Background
Defendant Dawn Quang Tran pleaded NGI to a charge of committing a lewd and lascivious act on a child under the age of 14 by means of force, violence, duress, or fear after he sexually assaulted a four-year-old girl, whom *1172 he delusionally believed was an angel. He was committed to Napa State Hospital. As the Court of Appeal noted below, his commitment was extended three times — by written waiver in 2005, a bench trial in 2007, and after a jury trial in 2009. The Santa Clara County District Attorney filed a fourth petition for recommitment, which Tran again opposed and which is at issue here. At Tran’s counsel’s request, the proceeding was tried by the court. The court did not personally advise Tran of his right to a jury trial or elicit a waiver of that right from Tran personally.
At this most recent trial, Tran’s treating psychiatrist, Dr. Eric Khoury of Napa State Hospital, testified that Tran suffered from chronic bipolar disorder with severe psychotic episodes. According to Dr. Khoury, Tran experienced paranoia, delusions, and hallucinations. Dr. Khoury stated that Tran’s mental disorder had contributed to his underlying crime, but that Tran has only a vague understanding of how his illness contributed to that crime. The psychiatrist explained that Tran was being successfully treated with antipsychotic medication, but that Tran believes he has been cured of his mental illness. Because he believes he is cured, Tran has sometimes refused to take his medication. For example, two years previously, Tran refused to take his medication, became psychotic, and was placed in lockdown. According to Dr. Khoury, Tran does not recognize that his symptoms are a result of his mental illness; he expressed concern that, if released, Tran would not continue his medication or participate in outpatient therapy, which would make him a danger to others. Dr. Khoury did believe, however, that Tran might qualify for the conditional release program, but he emphasized that Tran would need to be under supervision. If Tran were released unconditionally, Dr. Khoury believed Tran would not take his medication.
Unlike the defendant in Blackburn, Tran presented defense evidence in the form of Tran’s own testimony. Tran testified that he acknowledged he had a mental illness and that he would continue his medication and psychiatric treatment. He claimed that if he was released unsupervised, he would continue to take his medication for the rest of his life, and stated he understood that, if he did not, he might act badly. When asked about the prior occasion in which he refused to take his medication, became psychotic, and was placed in lockdown, Tran insisted he had had no symptoms of mental illness in that instance and that he had stopped his medication because of high blood pressure.
The trial court sustained the petition and granted a two-year extension of Tran’s commitment pursuant to Penal Code section 1026.5.
*1173 II. Discussion
Based on the record in this case, I believe it is clear that the judgment should be affirmed. As in Blackburn, the errors at issue here involving Tran’s statutory right to a jury trial are state law error as to which, under the dictates of article VI, section 13 of the California Constitution, we must conduct “an examination of the entire cause, including the evidence,” in order to determine whether “the error complained of has resulted in a miscarriage of justice.” (Cal. Const., art. VI, § 13.) As I explained in my separate opinion in Blackburn, the advisement and waiver errors that occurred in this case are by no means the equivalent of a total denial of the right to jury trial, so the errors do not constitute a per se “miscarriage of justice.” Instead, as explained in Watson, supra, 46 Cal.2d 818, 836, “a ‘miscarriage of justice’ should be declared only when the court, ‘after an examination of the entire cause, including the evidence,’ is of the ‘opinion’ that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error.” Here, it is clear for two separate reasons that it is not reasonably probable that a result more favorable to Tran would have been reached in the absence of the trial court errors in failing to advise Tran personally of his right to a jury trial and to elicit a personal waiver of that right from Tran.
First, Tran was represented by counsel who was undoubtedly aware of his client’s right to a jury trial, and determined that it was in his client’s interest to be tried by the court, rather than a jury. As in Blackburn, it is not reasonably probable that, in the absence of the trial court errors, Tran would have requested a jury trial over his counsel’s contrary advice.
Second, as the Court of Appeal below noted,[1] in light of Tran’s prior experience with commitment extension proceedings, he was unquestionably aware of his right to a jury trial at the time of the present proceeding. After the district attorney filed the first commitment extension, Tran filed a written waiver of his rights, including a written waiver of his right to a jury trial, and submitted the matter to the trial court. At his second commitment extension, Tran had a bench trial, then appealed the commitment extension, complaining about the denial of a jury trial. In that case, the Court of Appeal rejected the claim in an unpublished decision, holding that Tran’s counsel properly waived the statutory right to a jury and that Tran’s personal waiver was not required; at the same time, however, the opinion recognized that the governing statute affords a defendant a right to a jury trial in such an extension proceeding. Thereafter, at his third commitment extension proceeding, Tran *1174 declined to waive a jury trial under Penal Code section 1026.5, subdivision (b)(4), and, in fact, was tried by a jury.
In this fourth extension proceeding, defendant appeared in court with counsel and participated in the bench trial without objection or complaint. There is no reason to conclude that if personally advised by the court of the statutory right to a jury trial and asked if he wished to invoke or waive that right, Tran would have requested to be tried by a jury, rather than by the court as his counsel requested. If Tran had wanted a jury trial for the current commitment proceeding, he certainly knew that he was entitled to one and how to request one given his prior commitment proceedings. Under these circumstances, there is no basis to infer that defendant was ignorant of his right to a jury trial, wanted a jury trial, or that his counsel vetoed defendant’s wish for a jury trial.
Accordingly, it appears clear that the trial court’s error in failing to personally advise Tran of his right to a jury trial and to obtain a personal waiver of that right did not affect the outcome. With respect, today’s decision to remand this matter to the lower courts to determine “by a preponderance of the evidence [whether] Tran made a knowing and voluntary waiver” (maj. opn., ante, at p. 1170), is unnecessary and unwarranted.
For the foregoing reasons, I would simply affirm the judgment.
Chin, J., concurred.

 The Court of Appeal took judicial notice of its appellate decisions in Tran’s prior appeals of his commitment extension proceedings — People v. Tran (Jan. 28, 2009, H031976) (nonpub. opn.) and People v. Tran (July 26, 2010, H034743) (nonpub. opn.).